## HUNT & LITTLE v. HIRAM HAYNES.[*]

### Book Account. Practice.

No questions of law can be raised in the supreme court upon an auditor's report, except those arising either upon the facts reported by the auditor, or found and placed upon the record by the county court.

BOOK ACCOUNT, in favor of the plaintiffs as partners. The auditor made the following report:

"The plaintiffs were liquor merchants in Syracuse, in the state of New York, doing business there during the years 1860, 1861, and 1862. The defendant was, during that period, a customer of the plaintiffs, and engaged in selling liquor contrary to law, at Rutland, Vermont. The defendant was in the habit of purchasing liquor of the plaintiffs by sending them orders by mail from Rutland, and giving them directions to have the same marked with secret marks, and shipped to the defendant, at Rutland. The dealings between the parties extended from November 14, 1860, to October 29, 1862. The plaintiffs introduced testimony tending to prove that they were ignorant of the existence of liquor laws in Vermont, and had never been informed by defendant that he was selling the liquors purchased of them, in this state, contrary to law; that the false marks upon the casks created no suspicion in their mind, and that the defendant had never informed them, by letter or otherwise, that any portion of the liquor purchased of them, had been seized by the authorities in this state, and confiscated. The defendant swore, positively, that he informed two men who called at his shop, that some of said liquor had been seized; that his sale of liquor was contrary to law; and that he further informed the plaintiffs by letter, that some of the liquor which he had of them, had been seized; the plaintiffs denied that the two men who called were their agents; but the auditor finds that, though they were not in the employ of the plaintiffs, they were requested by the plaintiffs, as they were coming to Vermont, to call and investigate the defendant's business, that is, his solvency and prospects for future trade, that they did call in accordance with that request, and prior to the purchase of the liquor now in suit, and represented themselves to the defendant as the plaintiffs' agents, and the defendant had reason to suppose they were the plaintiffs'

agents, and so treated them upon his part ; and that, upon their return to Syracuse, they made due report to the plaintiffs. Should the court adjudge from the foregoing facts, that the defendant is liable to the plaintiffs for any balance, then the auditor finds that the sum of $347.35 is due from the defendant to the plaintiffs to balance book accounts between them."

The court, at the September term, 1865, KELLOGG, J., presiding, rendered judgment, *pro forma*, on the report for the defendant ; to which the plaintiffs excepted.

*Prout & Dunton* and *R. S. Peabody*, for the plaintiffs.

*Chauncey K. Williams*, for the defendant.

The opinion of the court was delivered by

WILSON, J. This is an action on book, in which the plaintiffs seek to recover for liquor sold by them in New York, to the defendant, and sent to him at Rutland, in this state, at the request of the defendant. No question is made as to the amount the plaintiff should recover, if, upon the facts reported, they can sustain the action. The defense set up to the plaintiffs' right of recovery is, that the defendant was engaged in the business of selling intoxicating liquors in this state, contrary to law ; that he bought the liquors of the plaintiffs, with the intention of selling the same contrary to law ; and that the plaintiffs sold the liquors to defendant, knowing that they were to be used for an unlawful purpose ; and thereby it is claimed that the plaintiffs aided and abetted the defendant in his violation of the laws of this state.

The decision of the question, whether the plaintiffs were so far implicated in, or connected with, the unlawful traffic in which the defendant admits he was engaged, as to bar their right of recovery, would depend upon the facts which the auditor should have found from the testimony in the case, and reported to the court. The case shows that the plaintiffs, by the direction of the defendant, put secret marks upon the casks of liquor ; but it does not appear that the auditor found for what purpose the casks were thus marked. Some of the testimony of both parties tending to prove the material point in issue, is detailed in the au-

ditor's report; but the report does not show what facts he found from the testimony, nor does it show that he found any facts decisive of the question in controversy. From the report, it is a matter of inference or conjecture merely, as to the facts the auditor found, and no question of law is raised as to the validity of the defense set up. It is well settled that, in order properly to raise questions of law, the facts in reference to each litigated point, should be found by the auditor, and set forth in his report; and where the action comes into this court by exceptions, no questions can be revised, except questions of law arising, either upon the facts reported by the auditor, or found and placed upon the record by the county court. We think the defendant was not entitled to judgment. The judgment of the county court is reversed, and, at the request of the defendant, the case is remanded to the county court, to enable the auditor to find and report the facts.